1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONALD K. PETERSON,                          No.  2:24-cv-1794 CSK P

12                    Plaintiff,                    ORDER

13            v.

14    CDCR, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Initially, it appears that plaintiff may have intended to file his complaint in the Sacramento

21    County Superior Court, because it is filed on a State of California Judicial Council form, and was

22    initially misdirected to the Unlawful Detainer Division of the Sacramento Superior Court.  (ECF

23    No. 1 at 16.)  As discussed below, plaintiff's claims are more appropriately filed in state court,

24    but the proper address is the Sacramento County Superior Court, 720 Ninth Street, Sacramento,

25    CA 95814.  Therefore, this Court defers ruling on plaintiff's application to proceed in forma

26    pauperis in this Court.  Plaintiff is granted the opportunity to voluntarily dismiss this action and

27    proceed in the Sacramento County Superior Court.  If plaintiff chooses this option, he will not be

28    assessed this Court's filing fee.

                                                 1

1    In the alternative, if plaintiff chooses to file an amended complaint and proceed in this

2    Court, the Court will address plaintiff's filing fee at that time.  Plaintiff is advised that even if he

3    is granted leave to proceed in forma pauperis, he will be required to pay the statutory filing fee of

4    $350.00 for this action, although he will be allowed to pay it in installments from his inmate trust

5    account.  28 U.S.C. §§ 1914(a), 1915(b)(1).

6    I.    SCREENING STANDARDS

7    The court is required to screen complaints brought by prisoners seeking relief against a

8    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

10    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

12    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

15    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

19    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

20    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

21    1227.

22    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

23    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

25    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

26    In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

27    formulaic recitation of the elements of a cause of action;" it must contain factual allegations

28    sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

1    However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

2    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

3    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

4    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

5    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

6    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

7    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8    II.    PLAINTIFF'S COMPLAINT

9        Plaintiff alleges a personal injury claim exceeding $25,000.00 for premises liability.

10   Plaintiff claims that defendants CDCR, Folsom State Prison, and Does 1 – 10, were deliberately

11   indifferent because there were no warning signs of water on the concrete floor in Building

12   (Section B) 3 block on yard A at Folsom State Prison, causing plaintiff to fall on April 6, 2021,

13   and again on December 9, 2021, due to a leaky roof and despite numerous work orders to repair

14   the leaky roof.  (ECF No. 1 at 4.)  Plaintiff includes causes of action for intentional tort, general

15   negligence, and premises liability.  (Id. at 5, 6, 15.)  After his first fall, plaintiff slipped on his

16   butt, hurting his tailbone, and hit his head.  (Id. at 5, 6.)  During his second fall, plaintiff fell "face

17   down on 1 knee," landing on his back and elbow.  (Id. at 6.)  Plaintiff was transported by

18   wheelchair to medical, where an x-ray showed a chipping of bone.  (Id. at 6, 14.)

19       Plaintiff seeks money damages.  (Id. at 3.)

20   III.   DISCUSSION

21       A.  Eleventh Amendment

22       In his complaint plaintiff named the CDCR and Folsom State Prison as defendants.  The

23   Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a

24   state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan,

25   440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa,

26   682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not

27   consented to suit.  Accordingly, plaintiff's claims against the CDCR and Folsom State Prison

28   must be dismissed.

3

B. Eighth Amendment

      1. *Legal Standards*

      The Eighth Amendment does not establish premises liability for negligence leading to a slip and fall.  Rather, the Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Where the plaintiff challenges his conditions of confinement, he must make two showings.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  "First, the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation."  Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  "Second, the plaintiff must make a 'subjective' showing that the prison official acted 'with a sufficiently culpable state of mind.'"  Id. (quoting Wilson, 501 U.S. at 298).

      Regarding the objective prong, extreme deprivations are required to make out a conditions-of-confinement claim; "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted).  "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson, 217 F.3d at 731 (citations omitted).  "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred."  Id.

      Regarding the subjective prong, "an Eighth Amendment violation requires a showing that the subjective state of mind of the prison officials was culpable."  Id. at 733 (citing Wilson, 501 U.S. at 298-99).  For the subjective state of mind of the official to be culpable, the official must have acted with "deliberate indifference."  Id. (citing Wilson, 501 U.S. at 303).  "The deliberate indifference standard requires the plaintiff to prove that 'the official knows of and disregards an excessive risk to inmate health or safety. . . .' "  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  "Whether an official possessed such knowledge 'is a question of fact

4

1    subject to demonstration in the usual ways, including inference from circumstantial

2    evidence. . . .'"  Johnson, 217 F.3d at 734 (quoting Farmer, 511 U.S. at 842).

3            *2.  Analysis*

4         A single defective condition– such as a slippery floor, a leaking roof, or a broken oven –

5    by itself without additional conditions contributing to a threat to an inmate's safety does not

6    create an objectively sufficient and serious condition to implicate the Eighth Amendment.  See

7    Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996); Coleman v. Sweetin, 745 F.3d 756, 764 &

8    n.7 (5th Cir. 2014) (collecting cases and noting "prisoner slip-and-fall claims almost never serve

9    as a predicate for constitutional violations.").  The Ninth Circuit has held that claims regarding

10    slippery floors, without more, "do not state even an arguable claim for cruel and unusual

11    punishment." Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on

12    other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  The Ninth

13    Circuit has repeatedly affirmed dismissals of a pro se prisoner's action, where the prisoner

14    complained only of a leaking roof and the resulting accumulation of water on a cell floor.  See,

15    e.g., Pickett v. Nooth, 2017 WL 4541428, at *1 (9th Cir. July 28, 2017) (dismissing appeal as

16    frivolous where plaintiff claimed, among other things, that he slipped and fell in a puddle caused

17    by a leaky roof); Gilman v. Woodford, 269 F. App'x 756 (9th Cir. 2008) ("The district court

18    properly determined that the allegations in Gilman's second amended complaint failed to

19    demonstrate that prison officials' conduct in maintaining the prison roof and floors violated the

20    Eighth Amendment.").

21         The Ninth Circuit finds conditions such as a wet and slippery floor to be "minor safety

22    hazards," which do not violate the Eighth Amendment unless there is some "exacerbating

23    condition[ ] . . . which render[s] [the prisoner] unable to 'provide for [his] own safety.'"

24    Osolinski, 92 F.3d at 938.  In order to state a cognizable claim for relief, there must be some

25    exacerbating condition in addition to the slippery floor.  See Frost v. Agnos, 152 F.3d 1124, 1129

26    (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to

27    warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such

28    conditions).  For example, in Frost, the prisoner was forced to use a wet and slippery shower floor

while on crutches, and was unable to balance himself as well as an uninjured person. See Frost, 152 F.3d at 1129. The Ninth Circuit held that the failure to "provide handicapped-accessible accommodations for a pretrial detainee who wears a leg cast and relies on crutches," combined with the risk posed by the wet shower floor, was sufficient to state an Eighth Amendment violation. Id. On the other hand, the Ninth Circuit has found that shackling a dangerous prisoner in a shower with slippery floors did not state a claim for cruel and unusual punishment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993).

Here, plaintiff complains of two falls, sustained over eight months apart, from a slippery floor he claims resulted from a leaking roof, but he identifies no other exacerbating factor, such as his required use of crutches or another disability. See Frost, 152 F.3d at 1129 (reversing grant of summary judgment for prisoner asserting Eighth Amendment claim based on defendants' failure to accommodate his disabled condition, not on the slippery floor). Plaintiff identified no conditions that rendered him unable to provide for his own safety in the sense that the conditions prevented him from avoiding the wet floors or rendered him unable to perceive the slippery conditions. See Osolinski, 92 F.3d at 938. As another Circuit Court explained, while a slippery floor does present a potential hazard, "slippery floors constitute a daily risk faced by members of the public at large" and does not constitute cruel and unusual punishment. Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (citing LeMaire, 12 F.3d at 1457). "Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." Reynolds, 370 F.3d at 1031. Plaintiff includes no allegations demonstrating that a named defendant acted with deliberate indifference, and plaintiff received medical attention after each fall. (ECF No. 1 at 6, 8, 10, 12, 14.)

Further, plaintiff's conclusory allegations concerning the leaking roof and work orders submitted for its repair constitute potential negligence, not deliberate indifference. Plaintiff provides insufficient facts to establish that a defendant purposely ignored a known risk to plaintiff's safety. See, e.g., Collier v. Garcia, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (rejecting claim regarding a slip and fall, even where plaintiff alleges that defendants had notice of the slippery conditions); Wallace v. Sherman, 2020 WL 4193968, at *2-5 (E.D. Cal. July 21,

6

1  2020) (dismissing complaint that alleged a leaky roof of which prison staff were aware, and

2  caused plaintiff to slip and fall resulting in a head injury, was not an Eighth Amendment

3  violation), report and recommendation adopted, 2020 WL 5237603 (E.D. Cal. Sept. 2, 2020);

4  Peterson v. Stewart, No. 23-cv-0692 DJC JDP P, 2024 WL 2023668, at *1 (E.D. Cal. May 7,

5  2024) (allegation that defendants failed to address a slippery floor that caused inmate to fall and

6  suffer injury has routinely been held to sound only in negligence), findings and recommendations

7  adopted, 2024 WL 3637981, at *1 (E.D. Cal. Aug. 2, 2024).[1]  The circumstances alleged by

8  plaintiff do not support an inference that anyone intended to harm plaintiff, or that an individual

9  understood that the slippery floor posed a substantial risk of serious harm to plaintiff.  Plaintiff's

10  allegations support no more than negligence, and therefore do not state a claim for relief under the

11  Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 105 (1976) ("An accident, although it

12  may produce added anguish, is not on that basis alone to be characterized as wanton infliction of

13  unnecessary pain" necessary to demonstrate deliberate indifference).

14       Overall, plaintiff's allegations fail to support a reasonable inference that plaintiff had

15  some exacerbating condition in addition to the slippery floor, or that exacerbating conditions

16  rendered him unable to provide for his own safety, and the complaint must be dismissed for

17  failure to state a cognizable claim.

18       C.  Doe Defendants

19       Plaintiff has failed to name an individual as a defendant.  Rather, all of the defendants

20  named, with the exception of the CDCR and Folsom State Prison, are identified as "Does 1- 10."

21       First, plaintiff does not identify each Doe defendant and his or her alleged act or omission

22  which plaintiff contends violated his constitutional rights.  This is insufficient to put prospective

23  defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal

24  _____

25  [1]  Both the instant action, No. 24-cv-1794 TLN CSK P, and plaintiff's prior action, Peterson v. Stewart, No. 23-cv-0692 DJC JDP P, were filed by plaintiff Ronald Kemoni Peterson, CDCR #AA-0294.  In both actions, plaintiff raised claims concerning his fall on April 6, 2021, but in Peterson v. Stewart, plaintiff sued Warden Jeff Lynch, Sgt. Moore, and two maintenance employees.  Peterson v. Stewart, No. 23-cv-0692 DJC JDP P (ECF No. 19 (second amended complaint)).  Plaintiff's prior action was dismissed without leave to amend for failure to state a claim.  Id. (ECF No. 21).

7

1  rights.  In order to link these Doe defendants to the alleged acts or omissions that demonstrate a

2  violation of plaintiff's federal rights, plaintiff is granted leave to amend if plaintiff opts to proceed

3  with this action, to either name the defendants involved, or list the Doe defendants involved.  If

4  plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as

5  possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and

6  "John Doe 2 and 3 did Y."  Plaintiff is reminded that "[a] plaintiff must allege facts, not simply

7  conclusions, that show that an individual was personally involved in the deprivation of his civil

8  rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

9        Second, plaintiff's use of Doe defendants is problematic, see Gillespie v. Civiletti, 629

10  F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Rule 15 of the Federal Rules of Civil

11  Procedure, not state law "Doe" pleading practices, governs whether new defendants may be

12  added and if so, whether the claims against them would relate back to the filing of the initial

13  complaint.  Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must

14  promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants.  See

15  Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the timing of his

16  amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the

17  requirements of Rule 15(c), which is the controlling procedure for adding defendants whose

18  identities were discovered after commencement of the action.  Additionally, unknown persons

19  cannot be served with process until they are identified by their real names.  The court will not

20  investigate the names and identities of unnamed defendants.  Plaintiff must identify at least one

21  defendant by name so that service of process can be accomplished; then plaintiff can attempt to

22  identify other defendants through discovery.[2]  If plaintiff opts to proceed with this action, plaintiff

23  should provide the name of at least one individual named as a defendant in his amended

24  complaint.

25  _____

26  [2]  Where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should
    be given an opportunity through discovery to identify the unknown defendants, unless it is clear
27  that discovery would not uncover the identities or that the complaint would be dismissed on other
    grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629
28  F.2d at 642).

8

1      D.  Putative State Law Claims

2          Although the court may exercise supplemental jurisdiction over state law claims, plaintiff

3  must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  Moreover,

4  if a plaintiff pursues state law claims, the plaintiff must clearly identify each claim and

5  demonstrate compliance with the California Government Claims Act as to each claim.  Cal. Gov't

6  Code § 810, et seq.  The Government Claims Act requires that a tort claim against a public entity

7  or its employees be presented to the California Victim Compensation and Government Claims

8  Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910,

9  911.2, 945.4, 950, 950.2 (2011).  A plaintiff may file a written application for leave to file a late

10 claim up to one year after the cause of action accrues.  Cal. Gov't Code § 911.4.

11         Compliance with this "claim presentation requirement" constitutes an element of a cause

12 of action for damages against a public entity or official.  State v. Superior Court (Bodde), 32 Cal.

13 4th 1234, 1244 (2004).  Thus, timely presentation of a claim under the Government Claims Act

14 must be pled in the complaint.  Id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n,

15 67 F.3d. 1470, 1477 (9th Cir. 1995).  The plaintiff must present facts demonstrating compliance,

16 rather than simply conclusions suggesting as much.  Shirk v. Vista Unified School Dist., 42 Cal.

17 4th 201, 209 (2007), as modified (Oct. 10, 2007).  Such requirements also apply to state law

18 claims included in a federal action under § 1983.  See Volis v. Housing Auth. of the City of L.A.

19 Emps., 670 F. App'x 543, 544 (9th Cir. 2016).

20     E.  Conclusion

21         The Court finds the allegations in plaintiff's complaint fail to state a cognizable civil

22 rights claim, and therefore, the complaint must be dismissed.  As discussed above, plaintiff is

23 granted the option of voluntarily dismissing this action and proceeding in state court.  If plaintiff

24 chooses this option, he will not be assessed this Court's filing fee.  In the alternative, if plaintiff

25 opts to proceed with this federal action, plaintiff is granted leave to file an amended complaint

26 and the Court will address plaintiff's filing fee at that time.

27 IV.    LEAVE TO AMEND

28         If plaintiff chooses to proceed with this federal action and amend the complaint, plaintiff

9

1   must demonstrate how the conditions about which he complains resulted in a deprivation of

2   plaintiff's constitutional rights.  See, e.g., West, 487 U.S. at 48.  Also, the complaint must allege

3   in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371

4   (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

5   connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371;

6   May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory

7   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of

8   Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff must name at least one defendant

9   responsible for the alleged violation so that the Court may order service of process.

10      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

11  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12  complaint be complete in itself without reference to any prior pleading.  This requirement exists

13  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

14  v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

15  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

16  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

17  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

18  and the involvement of each defendant must be sufficiently alleged.

19  V.      EXHIBITS

20      Plaintiff appended exhibits to his complaint.  (ECF No. 1 at 7-14.)  Exhibits are allowed

21  under Rule 10(c) of the Federal Rules of Civil Procedure.  However, exhibits are not necessary in

22  the federal system of notice pleading.  Fed. R. Civ. P. 8(a).

23  VI.     ORDERS

24      In accordance with the above, IT IS HEREBY ORDERED that:

25      1.  The ruling on plaintiff's motion for leave to proceed in forma pauperis is deferred.

26      2.  Plaintiff's complaint is dismissed.

27      3.  Within thirty days from the date of this order, plaintiff shall complete the attached

28  Notice of Election and submit the following documents to the court:

10

1          a.  The completed Notice of Election; and

2          b.  If plaintiff elects to proceed with this federal action, an original of the Amended

3 Complaint filed on the form provided by the Clerk of Court.

4       Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act,

5 the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

6 must also bear the docket number assigned to this case and must be labeled "Amended

7 Complaint." Failure to file an amended complaint in accordance with this order will result in the

8 imposition of this Court's filing fee, and may result in the dismissal of this action.

9       4.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

10 complaint by a prisoner.

11

12 Dated:  June 27, 2025

13

14 CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

15

16 /1/pete1794.14n

17

18

19

20

21

22

23

24

25

26

27

28

11

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD K. PETERSON,                    No.  2:24-cv-1794 CSK P

12                  Plaintiff,

13            v.                            NOTICE OF ELECTION

14   CDCR, et al.,

15                  Defendants.

16        Plaintiff elects to proceed as follows:

17                              ☐        Plaintiff elects to voluntarily dismiss this action and
18                                       proceed in state court.

19                              (Check this box if electing voluntary dismissal)

20   **OR**

21                              ☐        Plaintiff opts to file an amended complaint on the
                                         form provided by the Clerk of Court, acknowledges
22                                       he will incur the Court's filing fee, even if he is
                                         granted leave to proceed in forma pauperis, and
23                                       provides his proposed amended complaint with this
                                         notice of election form.

24                              (Check this box if submitting an Amended Complaint)

25   DATED:

26                                       _____
                                         Plaintiff

27

28